IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PETER MICHAEL BURNO,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 3:26-cv-00315-RRB

**ORDER REGARDING SECTION 2241 PROCEEDING**

On September 1, 2026, Peter Michael Burno, a self-represented federal prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 ("Petition")[1] and subsequently paid the filing fee. Previously, on June 18, 2026, Mr. Burno filed a pro-se Motion for Clarification of Judgment in his criminal case before the undersigned (3:19-cr-00128-RRB, hereinafter "criminal case"), the facts of which are relevant to this habeas matter. The habeas petition therefore was transferred from the randomly assigned judge to the undersigned on October 28, 2026.

In the criminal case, Mr. Burno explained that he was transferred to Cordova Center halfway house via First Step Act release on February 26, 2026, where he lived while

[1] Docket 1.

working as a Journeyman Electrician.[2] On April 6, 2026, while residing at the Cordova Center, he was arrested and taken to the Anchorage Correctional Complex for suspected assault at his workplace. On April 16, 2026, he received an "Escape Incident Report" from Cordova Center for being arrested.[3] Records indicate that he cooperated in the investigation but declined to appear at the scheduled hearing.[4] The investigation determined that he was guilty of "Escape (technical)."[5] At the hearing on April 24, 2026, the Discipline Hearing Officer (DHO) found that Burno committed a violation of Code 200,[6] sanctions for which include recission of parole and/or forfeit of good time credits, including up to 27 days of earned First Step Act ("FSA") Time Credits for each prohibited act.[7] Petitioner was notified on April 26, 2026, that he had lost 27 days of FSA credits already earned, and also that because he "had failed out of or withdrawn from" the Drug Abuse Program at Cordova Center, the BOP determined that he was no longer eligible for future FSA credits.[8] His projected release date was "reverted to [his] standard GCT release date of January 16, 2028."[9]

The state assault charges were dropped on May 12, 2026. On June 18, 2026, Mr. Burno filed the motion in his criminal case seeking relief.[10] He argued that he made a

---

[2] Criminal case, Docket 284-1.
[3] Criminal case, Docket 293-2 at 9.
[4] Criminal case, Docket 293-2 at 11-12, 16.
[5] Criminal case, Docket 293-2 at 12.
[6] "Escape from a work detail, non-secure institution, or other non-secure confinement, including community confinement, with subsequent voluntary return to Bureau of Prisons custody within four hours." 28 C.F.R. §541.3, Table 1, Code 200.
[7] *Id.*
[8] Criminal case, Docket 293 (citing BOP Response letter at Docket 293-3).
[9] Criminal case, Docket 293-3.
[10] Criminal Case, Docket 284.

number of attempts to show that, in light of the dismissal of charges, he should be returned to the Cordova House and his FSA credits and eligibility should be restored.[11] Subsequently, the Federal Bureau of Prisons sent Mr. Burno a letter dated July 14, 2026, responding to his request for an explanation as to why he was no longer eligible for FSA, and what to do to get back in compliance. It explained:

> To maintain eligibility to earn and apply First Step Act Time Credits (FTC's), BOP policy dictates that an inmate must be "successfully participating" in all recommended Evidence-Based Recidivism Reduction (EBRR) programs assigned through their individualized risk and needs assessment.
>
> The specific actions the [sic] occurred during your placement at the Residential Reentry Center (RRC) have directly resulted in your FSA status changing to Ineligible:
>
> 1. Drug Abuse Program Failure/Withdrawal (DAP FAIL-WITHDR).
>
> 2. New Criminal Arrest.
>
> Because of the DAP FAIL-WITHDR determination and the subsequent arrest for assault, your time computation correctly reflects that you are currently FSA ineligible. Consequently, your projected release date has reverted to your standard GCT release date of January 16, 2028.
>
> To regain FSA compliance and return to an eligible status in the future, you must address and resolve the pending legal matter stemming from the assault arrest. Also, you must re-engage with your Unit Team to complete your assessment and officially opt back into all recommended programming, including required substance abuse treatment.[12]

On September 4, 2026, the government opposed any relief in the criminal case, arguing that "a disciplinary committee's decision to revoke an inmate's good time credits must be supported by 'some evidence in the record,'" and that the committee had

[11] Criminal case, Docket 284 at 4–5.
[12] Criminal case, Docket 293-3.

met this "very low standard."[13] This Court reviewed the request in the criminal case and concluded on September 24, 2026, that "the BOP was within its broad discretion in determining that Defendant was ineligible for [FSA] credits at the times in question while offering a way back into compliance."[14]

In the meantime, on September 1, 2026, Mr. Burno filed the habeas corpus petition currently before the Court.[15] In the Petition he states that he was **"released from Federal Bureau of Prisons on April 6th 2026,"** but was **"being held without any pending federal offense, or federal sentence,"** after posting bail in a state court case.[16] He alleges **"at the time I was released from federal custody on [sic] April 6th 2026 concluded my term of imprisonment and commenced the start of my supervised release."** He seeks release so that he can "complete his term of supervised release."[17]

The Court has reviewed the Petition in light of the evidence provided in the underlying criminal case. Based on that review, it "plainly appears" that Mr. Burno is not entitled to relief in the district court.[18] Not only is his habeas claim barred by collateral estoppel, the statements in the Petition, noted in **bold font** above, are patently false. Mr. Burno was not released on April 6th, he was arrested. His federal sentence ends in 2028. At no time had he commenced his term of supervised release.

---

[13] Criminal case, Docket 293.

[14] Criminal case Docket 294.

[15] Docket 1.

[16] *Id.*

[17] *Id.*

[18] *See* Rule 4, Rules Governing Section 2254 Proceedings in the United States District Courts; Loc. Habeas Corpus R. 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

Accordingly, the Petition is DENIED and this matter is DISMISSED.

IT IS SO ORDERED this 29th day of October, 2024, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge